IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL WATSON,           )
                         )
         Plaintiff,      )
                         )
    v.                   )
                         ) Civil Action No. 12-552
CAROLYN W. COLVIN,       )
COMMISSIONER OF          )
SOCIAL SECURITY,         )
                         )
         Defendant.      )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 18th day of September, 2013, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

In November 2004, plaintiff filed applications for both DIB and supplemental security income ("SSI") alleging disability beginning on April 1, 2002. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on October 31, 2005, at which she appeared represented by counsel. On December 6, 2005, the ALJ issued a decision finding that plaintiff was not disabled. On April 6, 2007, the Appeals Council vacated that decision and remanded the matter back to the ALJ for additional proceedings.

After several postponements, the ALJ held a second administrative hearing on April 16, 2008. On June 23, 2008, the ALJ issued a decision again finding plaintiff not disabled for both DIB and SSI purposes. Plaintiff submitted new evidence to the Appeals Council and requested review of the ALJ's decision. On April 21, 2009, the Appeals Council granted plaintiff's request for review based on the new evidence she submitted, vacated the ALJ's decision with respect to her SSI claim and remanded the

matter to the ALJ for further proceedings. On remand, plaintiff was awarded SSI benefits.

With respect to plaintiff's DIB claim, the Appeals Council denied her request for review of the ALJ's June 23, 2008, decision denying her DIB benefits because the new evidence she submitted related to the time period after her insured status expired on June 30, 2005. As a result, the ALJ's June 23, 2008, decision denying plaintiff's DIB claim became the final decision of the Commissioner for purposes of judicial review. The instant action challenges that decision.[1]

For purposes of this court's review of the ALJ's decision denying plaintiff DIB benefits, the relevant period of time at issue is discrete. Plaintiff filed a prior application which was denied on September 15, 2004. (R. 464-71, 525). Plaintiff's request for Appeals Council review of that decision was denied and no further appeal was taken. (R. 472-74, 525). As such, *res judicata* applies to plaintiff's disability status as of September 15, 2004. 20 C.F.R. §§404.955, 404.957(c)(1). Further, plaintiff was insured for DIB purposes through June 30, 2005, (R. 832-33), thus she must establish that she became disabled on or before that date. 20 C.F.R. §§404.101(a), 404.131(a); see also Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990) (observing that a claimant

---

[1] According to plaintiff's counsel, he became involved in this case in April 2009 and attempted to obtain her file from the Appeals Council on numerous occasions before eventually receiving a copy of the requested records in April 2012. As a result, the Appeals Council granted plaintiff an extension of time in which to file a civil action.

is required to establish that she became disabled prior to the expiration of her insured status). Accordingly, the relevant time period in this case is September 15, 2004, until June 30, 2005 (hereinafter, "the relevant period").

Plaintiff, who has a limited education, was 48 years old during the relevant period, and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has past relevant work experience as a barmaid and stocker, but she did not engage in substantial gainful activity at any time during the relevant period.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff was not disabled within the meaning of the Act during the relevant period. The ALJ found that plaintiff's severe impairments included degenerative disc disease of the lumbar spine, status post lumbar laminectomy and fusion, history of a fractured spine, fibromyalgia, disc bulging and degenerative disc disease of the cervical spine, degenerative joint disease of the right knee, status post bilateral bunion surgery, mitral valve prolapse, major depressive disorder and anxiety disorder. The ALJ further found that plaintiff's impairments, alone or in combination, did not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ determined that plaintiff retains the residual functional capacity to perform a range of light work but she

requires a sit/stand option, she is limited to performing postural movements only occasionally, and she cannot climb ladders, ropes, scaffolds, stairs or ramps. In addition, plaintiff must avoid exposure to extremes of heat, cold, wetness, humidity, fumes, dust, gases and other respiratory irritants, and she also must avoid exposure to workplace hazards such as heights or dangerous machinery. Further, plaintiff is limited to performing low pressure and low stress work that does not involve close concentration or attention to detail for extended periods. She also is restricted to work that does not involve detailed or complex instructions, making significant workplace decisions or setting workplace goals, fast pace or assembly line work or close interaction with supervisors or the general public. Finally, plaintiff must be able to miss one day of work per month (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity permitted her to perform other work that exists in significant numbers in the national economy, such as a machine tender or laundry folder. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act during the relevant period.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental

impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[2] 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 because: (1) he improperly discounted plaintiff's fibromyalgia

---

[2] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider her ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

based pain; (2) he improperly weighed the opinions of two of plaintiff's treating physicians; (3) he failed to include in the RFC Finding a restriction to account for plaintiff's moderate limitations in concentration, persistence and pace; and (4) his hypothetical question to the vocational expert did not accurately describe plaintiff's impairments and limitations. The court finds that each of these arguments lack merit.

Plaintiff first argues that the ALJ improperly discounted her fibromyalgia based pain. According to plaintiff, the ALJ "spent almost no time discussing [her] fibromyalgia other than to acknowledge that her doctors diagnosed it." In addition, plaintiff claims that the ALJ incorrectly relied on the lack of objective evidence as the primary basis for rejecting her fibromyalgia based pain. She further contends that the ALJ did not evaluate her fibromyalgia consistent with the requirements of Social Security Ruling ("SSR") 99-2p, which she claims applies to her case.

Contrary to plaintiff's assertion, the ALJ thoroughly discussed her fibromyalgia and other severe impairments before, during and after the relevant period. (R. 840-46). The ALJ correctly determined that plaintiff's severe impairments, including fibromyalgia, caused pain and other limitations, which he accounted for in the RFC Finding, but plaintiff's claim of total debilitating pain was not entirely credible. (R. 840, 845).

Plaintiff also is incorrect that the ALJ rejected her testimony regarding fibromyalgia pain based on a lack of objective

AO 72
(Rev. 8/82)

evidence documenting her symptoms. In finding plaintiff not entirely credible, the ALJ referenced the "objective findings detailed above," (R. 845), which referred not only to plaintiff's fibromyalgia, but rather to all of her severe impairments that he discussed and analyzed. Thus, the ALJ did not apply an incorrect legal standard by considering objective medical evidence because plaintiff suffered from numerous other severe impairments in addition to fibromyalgia. See Trauterman v. Commissioner of Social Security, 296 Fed. Appx. 218, 220-21 (3d Cir. 2008) (holding that the ALJ did not apply incorrect legal standard by considering objective medical evidence, even though the plaintiff suffered from fibromyalgia, where she also suffered from cervical disc herniation, lumbar degenerative joint disease and carpal tunnel syndrome).

Finally, there is no merit to plaintiff's contention that the ALJ was required to evaluate her fibromyalgia based on the requirements of SSR 99-2p, which is entitled "Evaluating Cases Involving Chronic Fatigue Syndrome." The purpose of that ruling, as its title suggests, is to help evaluate disability claims involving chronic fatigue syndrome, not fibromyalgia. See 1999 WL 271569. The only mention of fibromyalgia in SSR 99-2p appears in a footnote in which it is noted that fibromyalgia shares many symptoms with chronic fatigue syndrome. Id. at *8, n.3. Accordingly, SSR 99-2p is not relevant to the ALJ's evaluation of plaintiff's fibromyalgia.

Plaintiff next argues that the ALJ improperly assessed the

AO 72
(Rev. 8/82)

opinions of Dr. Platto and Dr. Karpen, who were two of her treating physicians, because he failed to indicate the amount of weight he gave their opinions. Although plaintiff now critiques the ALJ's assessment of the medical evidence, she has failed to identify any specific medical records containing opinions of Dr. Platto and Dr. Karpen that she claims the ALJ failed to consider.

Putting aside plaintiff's failure to identify any such medical opinion the ALJ supposedly ignored, her claim is unfounded for two reasons. First, the record does not contain any medical evidence or opinion from Dr. Platto during the relevant period. Second, while the record includes treatment notes from Dr. Karpen during the relevant period, (R. 361-63, 400-04, 406-08), Dr. Karpen did not offer an opinion identifying any functional work-related limitations that affected plaintiff during that time. See 20 C.F.R. §404.1527(a)(2)(explaining that medical opinions are statements that reflect judgments about the nature and severity of a claimant's impairment, including symptoms, diagnosis and prognosis, what a claimant still can do despite the impairment, and physical or mental restrictions). Accordingly, the ALJ could not have improperly weighed the opinion of either Dr. Platto or Dr. Karpen because neither doctor provided one during the relevant period.

Plaintiff next argues that the ALJ's RFC Finding did not adequately account for her moderate limitations in concentration, persistence and pace. The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently

AO 72
(Rev. 8/82)

accounts for a claimant's moderate limitations in concentration, persistence and pace. See McDonald v. Astrue, 293 Fed. Appx. 941, 946 (3d Cir. 2008); Menkes v. Astrue, 262 Fed. Appx. 410, 412 (3d Cir. 2008) (restriction to simple, routine tasks accounted for the claimant's moderate limitations in concentration, persistence and pace). Here, the RFC Finding limited plaintiff, inter alia, to low pressure and low stress work that does not involve any of the following: close concentration or attention to detail for extended periods; detailed or complex instructions; making significant workplace decisions or setting workplace goals; fast pace or assembly line work; or close interaction with supervisors or the general public. Thus, the ALJ crafted a detailed RFC Finding which adequately accommodated plaintiff's moderate limitations in concentration, persistence and pace.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert did not accurately describe and account for all of the limitations caused by her impairments. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work that exists in the national economy.

In conclusion, after carefully and methodically considering all of the evidence of record, the ALJ determined that plaintiff was not disabled within the meaning of the Act during the relevant period. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

AO 72
(Rev. 8/82)